UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ELIZABETH H. BALTIMORE
8720 CROSS CHASE CIRCLE
FAIRFAX STATION, VIRGINIA 22039
(703) 690-9391

CASE NUMBER 1:05CV01748

JUDGE: James Robertson

V

DECK TYPE: Employment Discrimination

DATE STAMP: 09/01/2005

ANDREW S. NATSIOS
ADMINISTRATOR
UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT (USAID)
RONALD REAGAN BUILDING
1300 PENNSYLVANIA AVENUE, N.W., Room 6.9-8
WASHINGTON, D.C. 20523-1000

**COMPLAINT**

Plaintiff's "Right to File A Civil Action" is filed within the 30 calendar days stipulated in the Final Decision from the U.S. Equal Employment Opportunity Commission (EEOC), Petition No. 03A50057, dated July 29, 2005. On or about August 1, 2005, Plaintiff received the EEOC Final Decision. EEOC upheld the Merit Systems Protection Board's (MSPB) Final Decision supporting the U.S. Agency For International Development's (USAID) removal of plaintiff from the federal service and denial of the plaintiff's appeal for reconsideration of her appeal and allegations of disability discrimination.

1

August 16, 2003, Plaintiff was a Congressional Liaison Officer terminated from federal service based on allegations of unauthorized leave from work during duty hours, inefficient performance of duties and creating a disturbance in the workplace. Since October 22, 1970, Plaintiff has served as a credible civil servant, first in the Defense Department and then in USAID.

September 1987, plaintiff began service at USAID and served with distinction as the Deputy and then promoted to Chief of Communications, Management Bureau; Total Quality Improvement Officer, the agency's Customer Service Officer/Representative; Selected Team Member of the Administrator's Quality Team and Reform Task Forces for improving agency/partner operations and systems in the USA and overseas; and Program Analyst in the Policy and Coordination Bureau.

Plaintiff is filing this complaint based on my sincere belief that personnel actions and my ultimate termination from federal service are in strict violation of my civil rights stipulated in the Title VII of the Civil Rights Act of 42 U.S.C. 2000e, et seq.; American with Disabilities Act (ADA), 42 U.S.C. 12101, et seq.; Family and Medical Leave Act (FMLA) 29 U.S.C. 2601, et seq. Plaintiff was treated differently colleagues in the Legislative and Public Affairs Bureau and in particular, the Congressional Liaison Division . My career, health and family life were severely diminished due to violation of these federal laws. I believe that I was discriminated against because of my race, disability and decision to participate in the discrimination complaint process.

Plaintiff is taking this action against the defendant because I believe the agency lead by its Administrator, Andrew Natsios, did not take the necessary steps to assure that plaintiff's civil rights were not violated and that his management/supervisory subordinates were in compliance with employment laws affecting the mutual benefit to the agency's mission and staff. Plaintiff is especially concerned because three Black Female employees in key positions were suddenly removed from their positions around the same time: Sandra Fortson, Lawyer, GS-14, Office of the General Counsel; Shirley Henley, GS-14, Chief, Travel Division, Management Bureau and plaintiff, Congressional Liaison Officer, GS-14, Legislative and Public Affairs Bureau. I believe this should have been a red flag for the Administrator to ask some hard questions about employment practices, especially since some of the same people were allegedly involved in causing harm to plaintiff and my colleagues.

I believe J. Edward Fox, Assistant Administrator, Legislative and Public Affairs Bureau (LPA), who was the deciding official, did not take action to review all of the pertinent facts pertaining to plaintiff's medical disability. I believe he did not assure plaintiff was being treated as fair as other employees in the office, prior to making the final decision to terminate plaintiff. I believe plaintiff's concerns were dismissed while he allowed other staff members to be accommodated without proper authorization, which were imposed upon plaintiff, including abuse of time and attendance procedures and policies.

I believe Deputy Assistant Administrator, LPA, Congressional Liaison Division, David Liner, who was responsible for initiating adverse disciplinary actions and proposed termination, treated plaintiff differently than other employees, ignored attempts by the

plaintiff to address hostile actions towards her from colleagues and clients that Congress had serious issues with. He did not give serious and prompt consideration to plaintiff's issues involving what plaintiff felt was harassment and exclusion because of race, disability and retaliation. He disregarded medical documentation concerning plaintiff's disability, issues involving the Family Medical Leave Act, including deaths of close family relations based on the Black family diverse culture. I believe conflicting information pertaining to disability accommodations and plaintiff's personal request to the Office of Personnel Management (OPM) for disability retirement was exaggerated so that the plaintiff would not receive disability retirement approval. I believe he took excessive measures to discredit plaintiff's character, performance, relationships with colleagues, USAID and Congressional clients. I believe he worked closely with the Office of the General Counsel and the Office of Human Resources staff to remove plaintiff from her position to another position in the agency.

I believe other key participants who played a substantial role in misrepresenting and exaggerating the facts concerning the plaintiff's character, performance and intention contributed to plaintiffs civil rights being violated. They were Joel Starr, LPA, Chief of Staff and Congressional Liaison Division Chief; Bettie Cook and Roy Brownell, Congressional Liaison Officers and Barbara Bennett, Supervisory Congressional Liaison Officer.

I believe the Agency's counselor, Marianne Perciacante and Acting Labor Relations, Mary Conboy, did not act in the best interest of the agency, management and the plaintiff.

I believe known facts were kept from the MSPB and EEOC records distorting information pertaining to plaintiff's case. Paper copies of plaintiff's e-mail records documenting, performance of performance as a whole, management's preferential treatment for time and attendance, feedback from Congressional and agency clients were blocked that could have been helpful to avoid increased suffering and pain to plaintiff.

**Attachments:** EEOC Decision indicating Plaintiff's Right to File A Civil Action.

**Demand:** $800,000 to satisfy losses, damages and harm to plaintiff, her spouse, family, and grandchildren.

**Jury Demand:** Yes



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
P.O. Box 19848
Washington, D.C. 20036

Elizabeth Baltimore,
Petitioner,

v.

Andrew S. Natsios,
Administrator,
United States Agency for International Development
Agency.

Petition No. 03A50057
MSPB No. DC-0752-03-0796-I-1

DECISION

Petitioner filed a timely petition with the Equal Employment Opportunity Commission asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB) concerning her claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*

Petitioner, a Congressional Liaison Officer, GS-14, alleged that she was discriminated against on the bases of race (African-American), disability (Fibromyalgia), and reprisal when she was removed from her position for being absent without leave, ineffective in carrying out her duties, and for creating a disturbance in the workplace.[1] Petitioner filed a mixed case appeal with the MSPB. After a hearing, the Administrative Judge found petitioner was not credible and that petitioner's conduct at work supported the agency's reasons for its removal action and, consequently, that there was no discrimination or reprisal. The Board denied petitioner's petition for review. Petitioner then filed a petition for review with the Commission.

In her petition for review, petitioner raises once more arguments that were made and considered before the Board as well as arguments regarding claims not related to the reasons for her removal. The Commission has considered the arguments in her petition.

EEOC Regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 *et seq.* The Commission must determine whether the decision of the MSPB

05 1748

---

[1] The Commission assumes, without finding, that petitioner is an individual with a disability. *See* 29 C.F.R. § 1630.2(g)(1).

FILED

SEP - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                                                03A50057

with respect to the allegation of discrimination constitutes a correct interpretation of any applicable law, rule, regulation or policy directive, and is supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).

Based upon a thorough review of the record and the arguments presented in petitioner's petition for review, it is the decision of the Commission to concur with the final decision of the MSPB finding no discrimination and reprisal. The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole.

### PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

JUL 2 9 2005
_____
Date

3                                                       03A50057

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to petitioner, petitioner's representative (if applicable), the agency, and the Merit Systems Protection Board on:

JUL 29 2005
_____
Date

*[signature]*
_____
Equal Opportunity Assistant